UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

KARIN CUMMING,

    Plaintiff,

v.

HARSHAD CHERUVATHUR MOHAMED, et al.,

    Defendants.

Case No. 14-cv-03455-BLF

**ORDER DENYING MOTION TO REMAND TO STATE COURT**

[Re: ECF 18]

For the reasons discussed below, Plaintiff's motion to remand this action to state court is DENIED. The hearing scheduled for October 2, 2014, is VACATED. *See* Civ. L.R. 7-1(b).

## I. BACKGROUND

Plaintiff filed the present action in state court on December 23, 2013, and served the complaint on Defendant Infosys on April 11, 2014. On May 29, Defendant Infosys served on Plaintiff three Requests for Admission aimed at establishing Federal jurisdiction under 28 U.S.C. § 1332(a). Defendant Infosys received Responses to its Requests for Admission on July 3 and removed the action to this court on July 30.

Plaintiff now moves this court to remand the action on the following bases:

    A. the citizenship of Defendants Mohamed, Dharan, Thekkiniyath, Gopinath, and Prem place the action outside this court's § 1332(a) jurisdiction;

    B. the citizenship of Defendant Infosys places the action outside this court's § 1332(a) jurisdiction; and

    C. the removal was not timely under 28 U.S.C. § 1446(b).

(ECF 18-2 pp. 4-5)

## II. LEGAL STANDARD

### A. Removal Jurisdiction Under § 1441

Generally, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441. When seeking removal, a defendant "has the burden of establishing that removal is proper." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). This means, in the first instance, alleging facts adequate to support removal jurisdiction. *Id.* Where those facts are properly challenged, or where the court has independent cause to doubt their veracity, "the defendant bears the burden of actually proving the facts to support jurisdiction," *id.* at 567, and must do so by a preponderance of the evidence, *McNutt v. Gen. Motors Acceptance Corp. of Indiana*, 298 U.S. 178, 189 (1936).

Defendant here is claiming jurisdiction under 28 U.S.C. § 1332(a)(3), which grants U.S. district courts "original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States and in which citizens or subjects of a foreign state are additional parties." So Defendant bears the burden of establishing that each of these requirements is met by a preponderance of the evidence.

### B. Diversity Jurisdiction Under § 1332(a)(3)

A U.S. citizen is a citizen of her state of domicile, *Gilbert v. David*, 235 U.S. 561, 569 (1915), while a corporation is a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business. 28 U.S.C. § 1332(c)(1). Until 1988, under § 1332(a), "in order to be a citizen of a state, it [was] elementary law that one must first be a citizen of the United States." *Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1091 (9th Cir. 1983). In 1988, Congress amended § 1332(a), by adding what has been called the "deeming clause":

> For the purposes of this section, section 1335, and section 1441, an alien admitted to the United States for permanent residence shall be deemed a citizen of the State in which such alien is domiciled.
> PL 100–702 (HR 4807), November 19, 1988, 102 Stat 4642.

This clause had the effect of making some foreign nationals "citizens" of a state for purposes of diversity jurisdiction. But in 2011, Congress once again amended § 1332(a), repealing the deeming clause. Federal Courts Jurisdiction and Venue Clarification Act of 2011, PL 112-63, December 7, 2011, 125 Stat 758. Thus, under current law, the domicile of a foreign national is irrelevant for purposes of determining her citizenship under § 1332(a)(3).

### C. Removal Procedure Under § 1446

"The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." 28 U.S.C. § 1446(b)(1). However, "if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3).

## III. DISCUSSION

### A. Original Jurisdiction

The court understands the following facts to be undisputed:

- Plaintiff is a United States citizen domiciled in California, and is therefore a California citizen for purposes of § 1332(a)(3) jurisdiction.
- Defendant Hertz is a corporation incorporated in the state of Delaware with its principal place of business in Florida, and is therefore a Delaware citizen and a Florida citizen for purposes of § 1332(a)(3) jurisdiction.

It is only the citizenship of Defendants Mohamed, Namboodiri, Dharan, Thekkiniyath, Gopinath, and Prem and of Defendant Infosys that is in dispute.

With respect to Defendants Mohamed, Namboodiri, Dharan, Thekkiniyath, Gopinath, and Prem, Infosys has presented competent evidence that all six defendants are Indian nationals. *See* ECF 20, 24. Plaintiff does not contest the accuracy of this evidence, but rather objects that more compelling evidence should have been produced instead. *See*, *e.g.*, ECF 23 ¶ 7 (faulting Infosys for relying on its human resource files to establish the citizenship of its employees rather than on

sworn statements of the employees themselves).

While Defendant Infosys bears the burden of proving the factual assertions supporting removal jurisdiction, it only must prove this assertion by a preponderance of the evidence. Not only has Plaintiff failed to produce any evidence to discredit Infosys's human resources files, Plaintiff has bolstered Defendant Infosys's evidence with her own allegations. *See*, *e.g.*, ECF 1-1 Ex. A (First Amended Complaint) (alleging that Defendants Mohamed, Namboodiri, Dharan, Thekkiniyath, Gopinath, and Prem are "domiciliaries of the Republic of India, and were temporary residents of Santa Clara County"). While sworn statements from each individual defendant might have been more compelling evidence, this court is disinclined to dictate to parties what evidence must be used to support various jurisdictional allegations so long as the proffered evidence is admissible. Defendant Infosys has met its burden of showing by a preponderance of the evidence that Defendants Mohamed, Namboodiri, Dharan, Thekkiniyath, Gopinath, and Prem are Indian nationals. Therefore, for purposes of § 1332(a)(3), they are "citizens or subjects of a foreign state."

With respect to the citizenship of Defendant Infosys, Infosys has presented competent evidence that it is an Indian corporation. *See*, *e.g.*, ECF 1-2. Plaintiff does not contest this, but rather invites this court to speculate that Infosys might have its principal place of business in California, which would render Infosys non-diverse. In the absence of any evidence accompanying this invitation, the court declines to so speculate. The only support provided by Plaintiff for this allegation is the fact that, of Infosys's many worldwide offices, at least one is in California. While this may be enough to make Plaintiff's allegations possible, it does not make them plausible, let alone probable. Defendant Infosys is entitled to the reasonable inference that, as an Indian corporation, it is no more likely to have its principal place of business in California than anywhere else it has offices. While the evidence necessary to rebut such an inference is not great, it requires more than mere speculation; Plaintiff has proffered none. Defendant Infosys has met its burden of showing by a preponderance of the evidence that it is not a citizen of California and that it is a citizen of India, making it a "citizen[] or subject[] of a foreign state" for purposes of jurisdiction under § 1332(a)(3).

**B.     Timeliness of Removal**

Plaintiff argues that Defendant Infosys failed to comply with the timing requirements of § 1446(b) because it noticed its removal of this action more than 30 days after it was served with the complaint. Defendant Infosys responds that it had no basis for removal upon initially receiving the complaint, because the complaint does not allege damages with enough specificity to establish the amount in controversy. Defendant Infosys contends that it could not establish the amount in controversy until receiving Plaintiff's Responses to its First Set of Requests for Admission, which was aimed at establishing federal jurisdiction, and that it noticed removal within 30 days of receipt of those Responses, as required by § 1446(b)(3), making its notice timely under § 1446. The court agrees.

In sharp contrast to Plaintiff's position with respect to the citizenship of the parties, where Plaintiff faults Defendant Infosys for failing to bring forth sufficiently compelling evidence, even with respect to facts that don't appear to be legitimately in dispute, Plaintiff's position here is that Defendant Infosys should have guessed or inferred from the description of Plaintiff's injuries that the damages would ultimately amount to more than the $75,000 jurisdictional minimum. The Ninth Circuit has expressly rejected such arguments:

> The jurisdictional and procedural interests served by a bright-line approach are obvious. First and foremost, objective analysis of the pleadings brings certainty and predictability to the process and avoids gamesmanship in pleading. Just as important, an objective baseline rule avoids the spectre of inevitable collateral litigation over whether the pleadings contained a sufficient "clue," whether defendant had subjective knowledge, or whether defendant conducted sufficient inquiry.
>
> *Harris v. Bankers Life & Cas. Co.*, 425 F.3d 689, 697 (9th Cir. 2005) (citing *Chapman v. Powermatic, Inc.*, 969 F.2d 160, 163 (5th Cir. 1992) ("[Imposing a duty to investigate when a defendant receives an indeterminate complaint as to removability] would needlessly inject uncertainty into a court's inquiry as to whether a defendant has timely removed a case, and as a result would require courts to expend needlessly their resources trying to determine what the defendant knew at the time it receive the initial pleading and what the defendant would have known had it exercised due diligence.")).

Because the amount in controversy was not revealed until Plaintiff responded to Defendant Infosys's Requests for Admission, and because Infosys noticed removal within 30 days of receipt

5

of those Responses, Infosys's removal was timely.

**IV.   ORDER**

For the foregoing reasons, IT IS HEREBY ORDERED that:

Plaintiff's Motion to Remand is DENIED.

The hearing scheduled for October 2, 2014, is VACATED. *See* Civ. L.R. 7-1(b).

Dated: September 26, 2014

_____
BETH LABSON FREEMAN
United States District Judge